John P. Forest, II, VSB#33089
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
(703) 691-4940
*Counsel for the Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| _____ | ) | |
| IN RE BLUE SKY EVENTS, LLC | ) | Case No. 20-10683-KHK |
| | ) | Chapter 11 |
| Debtor | ) | |
| _____ | ) | |

**MOTION TO SELL ASSETS FREE AND
CLEAR OF LIENS, CLAIMS, INTERESTS, OR ENCUMBRANCES**

Blue Sky Events, LLC (the "Debtor"), pursuant to 11 U.S.C. §§ 105, 363, 365, and

1146(c) and Fed. R. Bankr. P. 6004, hereby moves the court entry of an order: (a)

approving of the sale of the Proposed Assets (defined, below) free and clear of all liens,

claims, encumbrances, rights and interests and the assumption and assignment of the

Lease and the Interest in a court supervised auction; and (b) granting such other relief as

may be necessary or appropriate to consummate the sale.

In support thereof, the Debtor represents as follows:

**INTRODUCTION**

1.      On March 3, 2020, the Debtor filed a petition for relief pursuant to

Chapter 11 of the Bankruptcy Code.   *See* Docket Entry No. 1.

2.      On March 3, 2020, Farm Station Café, LLC also filed a petition for relief

pursuant to Chapter 11 of the Bankruptcy Code.   *See In re Farm Station Café, LLC,* U.S.

Bankruptcy Court, E.D. Va., Alex. Div. Docket No. 20-10684 (the "Companion Case"),

Docket Entry No. 1.

3.      This Court has jurisdiction to hear and determine the Motion pursuant to

28 U.S.C. §§ 157 and 1334.

4.      This is motion a core proceeding under 28 U.S.C. §§ 157(b)(2)(a), (b), (e), (m), and (n).

5.      The statutory predicates for the relief requested are 11 U.S.C. §§ 105, 363, and 1146(c) and Fed. R. Bankr. P. 2002 and 6004.

## BACKGROUND

6.      The Debtor operated a catering business at 7146 Farm Station Road, Vint Hill, Virginia 20187 (the "Business Premises").

7.      Incident to the operation of its catering business, the Debtor owned and used tangible assets, to include furniture, fixtures, equipment, supplies, and inventory as (the "Proposed Assets").

8.      The Proposed Assets are located at the Business Premises.

9.      Incident to the Companion Case, Farm Station Café, LLC has also filed a motion to sell its assets.   The motion to sell assets in the Companion case shall be presented to the Court at the same time this motion is presented.

10.     Based upon the existing environmental conditions, to include the impact and effects of the Covid-19 pandemic, the Debtor is not able to conduct is ordinary business affairs and the only means to obtain funds to satisfy the claims of creditors in this matter is thee sale as proposed in this Motion.

11.     If this motion and the motion in the Companion Case are granted, the Debtor anticipates that the proceeds may be used to pay priority claims in this matter; however, neither the Debtor (in this case) nor Farm Station Café, LLC intends to address the use or treatment of any proceeds of any sale within this motion (or the motion in the Companion Case) other than to request that if the Court determines that there are any liens against the Proposed Assets, that any such liens be removed from the Proposed

Assets and that such liens attach to the proceeds of the sale of the Proposed Assets.

12.     The Proposed Assets may be subject to pre-petition liens or claims by the Virginia Department of Taxation and any liens or claims from Building 2400, LLC as the Debtor's landlord.     The proposed sale would also be free and clear of any liens, claims, or interests emanating from post-petition Judgement No. 2020-00000225 in favor of the Virginia Department of Taxation which appears to be a Memorandum of Lien dated February 28, 2020 and recorded March 9, 2020.

**ARGUMENT AND AUTHORITY**

13.     Assets may be sold fee and clear of liens, claims, encumbrances, rights and interests.   Pursuant to 11 U.S.C. § 363(f), a Debtor may sell all or any part of a debtor's property free and clear of any and all liens, claims, encumbrances, rights or interests in such property if (1) such a sale is permitted under applicable non-bankruptcy law, (2) the party asserting such a lien, claim or interest consents to such sale, (3) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property, (4) the interest is the subject of a *bona fide* dispute or (5) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f); In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988) (§ 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

14.     A sale free and clear of liens, claims, encumbrances, rights and interests is necessary to maximize the value of the Proposed Assets.   A sale subject to liens, claims and interests likely would not occur or would result in a lower purchase price and be of substantially less benefit to the Debtor's estate.

15.     A sale free and clear of liens, claims, rights, and interests is appropriate under the circumstances because any lien, claim or interest in the Proposed Assets that

exists immediately prior to the closing of the Sale will attach to the Sale proceeds with the same validity, priority, force and effect as it had prior to such Sale.   Thus, the Sale satisfies 11 U.S.C. § 363(f)(1).

## SALE PROCEDURE

16.     The Debtor seeks to obtain the greatest value for the Proposed Assets. The Debtor believes that an auction, given the circumstances and exigencies of this case, is a reasonable procedure and expects that the market will provide a reasonable offer.

17.     Accordingly, the Debtor asserts that good cause exists to expose the Proposed Assets to sale at a public auction (the "Auction") which is proposed to be held by this Court incident to any hearing upon this motion (and also incident to any hearing the Court may hold with respect to the corresponding motion in the Companion Case).

18.     The Debtor proposes that, at the conclusion of any Auction, that the prevailing bidder shall pay the amount of the prevailing bid, either by certified funds, cashier's check, or other medium approved by the Court to either the Debtor or the Debtor's counsel, and that the Debtor be execute and deliver an appropriate bill of sale conveying the Debtor's and the Estate's interest in the Proposed Assets.

19.     The Debtor believes that the proposed Procedures carefully balance the Debtor's interests in: (i) preserving the opportunity to attract good offers for the valuable lease; and (ii) expediting the sale process.

20.     The Procedures are fair and reasonable, reflect the exercise of prudent business judgment consistent with the Debtor's fiduciary duties, and represent the best method to maximize the value to the estate of the Proposed Assets.   See Four B. Corp. v. Food Barn Stores, 107 F.3d 558, 564-65 (8th Cir. 1997) (primary objective in bankruptcy sale is to enhance value of estate); In re Atlanta Packaging Products, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988) (same).

21.    The Debtor proposes to mail notice of this motion to: (i) the Office of the

U.S. Trustee; (ii) all parties listed on the matrix in this case; (iii) all federal, state and

local regulatory or taxing authorities or recording offices which have a reasonably known

interest in the relief requested by the Motion; (iv) all parties known to have expressed a

bona fide interest in acquiring the Proposed Assets; and (v) all entities who have filed a

notice of appearance and request for service of papers in these cases.

22.    The Debtor proposes that this Court enter an order substantially in the

form attached to this Motion as Exhibit 1.

23.    Pursuant to Fed. R. Bankr. P. 6004(h), incident to this request, the Debtor

requests that this Court dispense with any stay of any order authorizing the sale of the

Proposed Assets.

### CONCLUSION

Wherefore, the Debtor respectfully requests that the Court authorize the sale of

the Proposed Assets through an auction to be conducted by the Court on the Hearing

Date (and in conjunction with any other sale which may be authorized in the Companion

Case), dispensing with any stay of any sale order in accord with Fed. R. Bankr. P.

6004(h), and granting such other and further relief as may be appropriate pursuant to 11

U.S.C. §§ 105, 363, 365, and 1146(c) and Fed. R. Bankr. P. 6004.

Respectfully submitted by:


*/s/ John P. Forest, II*
John P. Forest, II, VSB# 33089
11350 Random Hills Rd., Suite 700
Fairfax, VA 22030
Telephone: (703) 691-4940
Email: john@forestlawfirm.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I certify that on May 18, 2020, that I have electronically filed the foregoing MOTION

TO SELL ASSSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND

ENCUMBRANCES which provides electronic notice of such filing to all parties who receive

notice in this matter; and that I have mailed a true and correct copy of the foregoing

pleading to:

> Office of the U.S. Trustee
> 11725 Duke St.
> Suite 600
> Alexandria, VA 22314

and also to those parties as identified on the Mailing Matrix attached hereto.

> */s/ John P. Forest, II*
> John P. Forest, II